■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK EGITTO, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from an order which dismissed, after a hearing, a petition for a writ of habeas corpus, sought on the ground that upon his plea of guilty to a lesser degree of the crime charged in the indictment, relator was improperly sentenced to additional punishment for being armed (Penal Law, § 1944). Relator was indicted for robbery, in the first degree, the indictment alleging that he was then armed with a firearm. He and a codefendant appeared with counsel who, on behalf of relator, offered a plea of guilty of "Robbery in the second degree, armed" and immediately, and presumably in relator's presence, offered on behalf of the codefendant a plea of guilty of "Robbery in the third degree, unarmed". (Emphasis in each instance supplied.) The District Attorney consented to the acceptance of the pleas and the court noted the acceptance of relator's plea of guilty of "Robbery in the second degree, armed" and then asked relator, among other things, whether he had heard counsel's offer of a plea of guilty of "Robbery in the second degree, armed", whether he was pleading guilty of his own free

will and whether he understood that by pleading guilty of "Robbery in the second degree, armed" he was confessing that he "committed that crime", the relator answering each question in the affirmative. Similar questions, reciting the plea of guilty of "robbery in the second degree, armed" were asked by the Clerk and answered affirmatively by relator, following which relator personally pleaded guilty of robbery in the second degree, armed, and signed a statement stamped upon the indictment referring to "Robbery 2 armed" and embodying his answers to certain of the questions previously propounded. Relator was subsequently arraigned for sentence and after his attorney had pleaded for leniency, the court pronounced sentence on relator, as a second offender, of "seven and a half on the robbery plus five for being armed, and, naturally, seven and a half to fifteen and five to ten"; to which there was no objection, counsel then proceeding to obtain the dismissal of another indictment pending against relator. In addition to certain earlier authorities, relator relies on *People* v. *Griffin* (7 N Y 2d 511) in which the sentencing court, after accepting a plea to a lesser offense, had conducted a hearing to determine whether a weapon had been used, as to which the Court of Appeals said, "In substituting an attempt for the counts in the indictment, the facts of the crime were necessarily altered, and, after the plea was taken, it was too late to go behind the facts contained in the plea in order to ascertain how the other crime occurred" (p. 516). This was not the procedure in the case now before us and, indeed, the *Griffin* case seems to offer substantial support for the action of the sentencing court here reviewed, it being remarked in the opinion that, "His plea only admits the facts stated in the plea as constituting the lesser crime" (p. 515) and that section 1944 "cannot be applied where the defendant has been allowed to plead guilty to a different crime *unless the fact of being armed is admitted by the plea*" (p. 516; emphasis supplied). It would be difficult to envisage a record in which the charge of being armed and the voluntary and understanding acts of admission and plea of guilt should more clearly and convincingly appear. Order unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.